# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**CORINNE KOPKE**, an individual,

         Plaintiff,

v.

**AE NIKKI CORPORATION.**, a Florida corporation, and **NIKKI YOUNG**, an individual,

         Defendants.

**CIVIL ACTION**

**Case No.  2:19-cv-637**

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CORINNE KOPKE** ("**KOPKE**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Florida law for (1) unpaid overtime in violation of the FLSA, and (2) retaliation in violation of Florida's Whistleblower Act (FWA).

## PARTIES

2.    The Plaintiff, **CORINNE KOPKE** ("**KOPKE**") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and at all times had enterprise and individual coverage under the FLSA during her employment with the Defendant. At all material times, **KOPKE** was employed by the Defendant as a general assistant. **KOPKE**'s duties consisted of customer service, receiving deliveries from out-of-state, stocking paint and making interstate financial transactions. **KOPKE** was involved in the flow of interstate commerce by, *inter*

*alia*, taking delivery of products that moved in interstate commerce and stocking those products, and processing out-of-state financial transactions. **KOPKE** performed work primarily in Charlotte County, Florida, which are both within the Middle District of Florida, during the events giving rise to this case. **KOPKE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.      The Defendant, **AE NIKKI CORPORATION** ("**AE**") is a Florida corporation and is a covered enterprise under the FLSA (29 U.S.C. §203(d), (r) and (s)). **AE** is a paint supplier. **AE** has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **AE**'s employees, including **KOPKE**, are engaged in interstate commerce as they work on or otherwise handle goods that are moving in interstate commerce, in addition to them working on the expansion of facilities of commerce. **AE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **KOPKE**. **AE** supervised and controlled **KOPKE**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **KOPKE**. **AE** maintains employment records of **KOPKE**. **AE** was the employer of **KOPKE**.

4.      The Defendant, **NIKKI YOUNG** ("**YOUNG**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **YOUNG** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **KOPKE**. **YOUNG** supervised and controlled **KOPKE**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **KOPKE**. **YOUNG** maintains employment records of **KOPKE**. **YOUNG** was the employer of **KOPKE**.[1]

---

[1]      **AE** and **YOUNG** are referred to herein as "Defendants."

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

6.      This Court has supplemental jurisdiction over **KOPKE**'s state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

8.      **KOPKE** began her employment with the Defendants on June 25, 2018 and started her employment as a store manager before being demoted to a general assistant.

9.      **KOPKE** performed her assigned duties in a professional manner and was very well qualified for her position.

### Violations of the FLSA

10.      Upon being told she was being demoted in or about December 2018, **KOPKE**'s primary job duties were non-management, as described at ¶2, *supra*, but she was still paid on a salary basis thereafter.

11.      However, **KOPKE** was not exempt under the FLSA, but rather was an hourly employee, because the Defendant:

a.  Failed to allow **KOPKE** to possess or execute primary job duties that consisted of exercising independent judgment with respect to matters of significance;

b.  Failed to allow **KOPKE** to supervise any other employees, or have the authority to affect the terms and conditions of any other employees' employment;

c.  Failed to have **KOPKE**'s duties be directly involved with the administration of the Defendant's business;

d.  Failed to allow **KOPKE** any management duties whatsoever;

e.  Failed to allow **KOPKE** to make decisions on behalf of the Defendant that consisted of exercising any independent judgment on matters of significance;

f.  Failed to allow **KOPKE** any authority to make decisions that bind the Defendant;

g.  Failed to allow **KOPKE** authority to formulate, affect, interpret, or implement management policies or operating practices;

h.  Failed to allow **KOPKE** major assignments in conducting the operations of the business;

i.  Failed to allow **KOPKE** work that affects business operations to a substantial degree;

j.  Failed to allow **KOPKE** authority to commit the Defendant in matters that have significant financial impact;

k.  Failed to allow **KOPKE** authority to waive or deviate from established policies and procedures without prior approval;

l.  Failed to allow **KOPKE** authority to negotiate and bind the Defendant on significant matters;

m. Failed to require **KOPKE** to provide consultation or expert advice to Defendant's management;

n. Failed to allow **KOPKE** involvement in planning long or short-term business objectives;

o. Failed to allow **KOPKE** to investigate and resolve matters of significance on behalf of management;

p. Failed to allow **KOPKE** to represent the company in handling complaints, arbitrating disputes or resolving grievances;

q. Failed to assign **KOPKE** to perform work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, legal and regulatory compliance, and similar activities;

r. Required **KOPKE** to take direction as to how to perform her job duties, and what tasks to perform, from her supervisors, and;

s. Assigned **KOPKE** only duties that did not require her to perform work directly related to assisting with the running or servicing of the Defendant's business (as distinguished, for example, selling the Defendant's product).

12.    Notwithstanding **KOPKE**'s job duties, the Defendants classified her as exempt under the FLSA.

13.    Though **KOPKE** was paid on a salary basis, the Defendants misclassified her as an exempt employee.

14.    **KOPKE**'s regular daily duties often began around 8:00 A.M. and could, and would, often end as late as 6:00 P.M., and also included working some weekends.

15.    The Defendants demanded that **KOPKE** be available between those hours and **KOPKE** did work for the Defendants during that time.

16.    **KOPKE** was required by the Defendants to work at least 44-45 hours per week and often more, for almost each week of her employment (except during scheduled vacations), but the Defendants failed to pay **KOPKE** overtime wages at time and a half.

17.    **KOPKE** was not FLSA-exempt but rather a non-exempt employee whom the Defendants required or permitted her to work off-the-clock in violation of the FLSA because **KOPKE** performed work for the benefit of the Defendants for which she was not compensated. To the extent that such work is performed during a work week in which **KOPKE** has, or would have, worked in excess of forty (40) hours per week, such practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times **KOPKE**'s regular hourly wage rate.

18.    The Defendants failed to act in good faith under the reasonable belief it had complied with the FLSA.

19.    **KOPKE** is entitled to liquidated damages because the Defendants acted willfully or with at least a reckless disregard as to the legality of its pay practices in regard to **KOPKE**.

**Retaliation in Violation of the PWA**

20.    In the weeks preceding her termination, **KOPKE** became increasingly aware of **AE**'s illegal fraud schemes and refused to participate in them.

21.    Specifically, **AE** was – and is – engaged in tax evasion because it fraudulently claims it "donated" cans of paint that it actually sold to paying customers. **AE** then claims the same

as a "charitable donation" and demanded **KOPKE** log such sales in this fraudulent manner, which **KOPKE** refused to do. **AE** developed an elaborate cover-up plan for this fraud, including a scheme to create completely nonexistent, fictitious companies in its corporate books to reflect the entities that received the "donations."

22.     Additionally, for those same cans of paint **AE** sells but then claims to be a "charitable donation," **AE** doubles-down on its fraud by fraudulently claiming to the paint supplier that those cans were defective in order to induce the supplier to provide a monetary credit or free replacement cans of paint. At bottom, such conduct violates Florida's Deceptive & Unfair Trade Practices Act (FDUTPA). **AE** demanded **KOPKE** submit such fraudulent claims to the paint supplier, which **KOPKE** refused to do.

23.     **AE** also intentionally bills certain contractors for paint that **AE** never supplies because it knows those specific contractors reflexively pay such fraudulent bills without question, often because the contractor does not speak English. **KOPKE** brought this to the owner's attention and objected to this illegal practice.

24.     **AE** terminated **KOPKE** just days after she voiced her objections to **AE**'s conduct described above and stated she would not participate in it.

### COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

25.     The Plaintiff hereby incorporate Paragraphs 1-19 in this Count as though fully set forth herein.

26.     **KOPKE** was a covered, non-exempt employee under the FLSA at all times during her employment with the Defendants.

27.     The Defendants were required by the FLSA to pay **KOPKE** at least time and one-half for all hours worked by **KOPKE** in excess of 40 hours per week.

28.     The Defendants had operational control over all aspects of **KOPKE**'s day-to-day functions during his employment, including compensation.

29.     The Defendants were **KOPKE**'s "employer" and are liable for violations of the FLSA in this case.

30.     The Defendants violated the FLSA by failing to pay **KOPKE** at least time and one-half for all hours worked over 40 per week.

31.     The Defendants have willfully violated the FLSA in refusing to pay **KOPKE** proper overtime for all hours worked over 40 per week.

32.     As a result of the foregoing, **KOPKE** has suffered damages of lost wages.

33.     The Defendants are the proximate cause of **KOPKE**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

34.     Plaintiff incorporates by reference Paragraphs 1-3, 6-9 and 20-24 of this Complaint as though fully set forth below.

35.     **KOPKE** was an employee of the Defendant **AE**, a private company.

36.     At all material times, **KOPKE** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the

employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

37.     **KOPKE** did engage in statutorily protected activity by objection to the Defendant's illegal practices and her refusal to participate in them.

38.     Immediately after engaging in statutorily protected activity, **KOPKE** suffered negative employment action, her termination, which is a direct result of her statutorily protected activity.

39.     **KOPKE**'s termination and her engaging in statutorily protected activity are causally related.

40.     The Defendant knew that **KOPKE** was engaged in protected conduct as referenced herein.

41.     The Defendant discharged, terminated, demoted, suspended, threatened, disciplined and harassed **KOPKE** from her employment and after her employment, and otherwise retaliated against her because of his protected conduct.

42.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **KOPKE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

43.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **KOPKE** is entitled to all relief necessary to make her whole.

44.     **DEFENDANT**'s negative employment actions against **KOPKE** continued until her termination and this count is timely filed.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

**NOW COMES** the Plaintiff, **CORINNE KOPKE**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: September 3, 2019        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com