UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORINNE KOPKE, an individual,

     Plaintiff,

v.                                                              Case No:   2:19-cv-637-FtM-38NPM

AE NIKKI CORPORATION, a Florida
corporation and NIKKI YOUNG, an
individual,

     Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

     This matter is before the Court on the Joint Motion for Approval of Settlement, filed on April 6, 2020. (Doc. 20). Plaintiff Corrine Kopke and Defendants AE Nikki Corporation and Nikki Young request that the Court approve the parties' settlement of the Fair Labor Standards Act claim asserted in this case.[2]   After a careful review of the parties' submissions and the Court file, the Court recommends that the proposed settlement be approved.

---

[1] Disclaimer.: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

[2] Plaintiff also brings a claim under Florida's Private Whistleblower's Act (Count II). (Doc. 1 at 8-10). The parties agreed to settle all matters between them including this claim and any other employment related claims Plaintiff may have had against Defendants. (Doc. 20 at 2).

**LEGAL STANDARD**

Plaintiffs brought this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* District courts within this Circuit have generally held that parties may not stipulate to a dismissal of an FLSA action pursuant to Rule 41 without providing the Court at least some information concerning the resolution of the claims. Thus, when there is anything short of a full compensation agreement, parties generally find it in their best interest to file their settlement agreement on the public docket and present it to the district court for approval. Any additional terms, such as non-disparagement or confidentiality provisions, are generally approved when they are for the benefit of the employee or in furtherance of the employee's interests. *See Zdun v. Virtu Cathedral Associates, LLC*, No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Dees v. Hydrady, Inc.*, 706 F. Supp 2d 1227, 1241 (M.D. Fla. 2010). Nevertheless, district courts have generally scrutinized FLSA settlements for fairness, including an evaluation of:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

**CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT**

Plaintiff alleges she worked as a store manager before being demoted to a general assistant. (Doc. 1 at ¶ 8). After the demotion, Plaintiff claims that her primary job duties were non-management. (*Id.* at ¶ 10). As a non-exempt employee, Plaintiff claims that she

worked overtime hours but did not receive overtime wages. (*Id.* at ¶¶ 16-17). Defendants dispute that Plaintiff was a non-exempt employee and even if this were true, Defendants dispute the number of hours Plaintiff claims she worked overtime and the calculations for overtime pay. (Doc. 20 at 2).

The parties stipulate they have a bona fide dispute. (*Id.* at 5). After exchanging information and documentation, the parties came to a compromise to settle this action and both parties consider the Settlement Agreement fair and reasonable under the circumstances. (*Id.*). The parties agree they are satisfied with the terms of the proposed settlement. (*Id.* at 6). At bottom, the parties reached a settlement to avoid the uncertainty, time, and expense associated with continuing litigation in this matter. (*Id.*).

After an investigation and exchange of information, the parties agreed to the following terms: (1) Plaintiff will receive $4,695.00 in unpaid wages and $4,695.00 in liquidated damages; and (2) Plaintiff will also receive $2,000.00 in additional consideration for a full settlement of any and all other claims Plaintiff may have against Defendants. (Docs. 20 at 3; 20-1 at 1). On balance, the monetary terms appear fair and reasonable.

The Settlement Agreement includes a mutual release of claims provision and a mutual non-disparagement and neutral employment reference provision. The mutuality of these terms provide benefits to Plaintiff as well as Defendants. And Plaintiff requested the inclusion of the non-disparagement clause. (*Id.* at 6). Moreover, as mentioned above, the proposed settlement provides that Plaintiff receives additional consideration of $2,000.00. (Doc. 20-1 at 1). The Court therefore finds the additional terms to be fair and reasonable. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, *3 (M.D. Fla.

Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, *3 (M.D. Fla. May 27, 2015).

Finally, the proposed settlement includes an agreement that Defendants pay $8,610.00 to Plaintiff's counsel for fees and costs. (Doc. 20-1 at 1). The parties represent this term was negotiated separately, and without regard to the amount paid to Plaintiff. (Doc. 20 at 5). This aspect of the settlement also appears fair and reasonable. *See Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

## CONCLUSION

For the foregoing reasons, the Court finds the Settlement Agreement and Release (Doc. 20-1) to be a fair and reasonable resolution of a bona fide dispute of the parties' FLSA issues.

Accordingly, it is respectfully **RECOMMENDED** that:

(1)   The Joint Motion for Approval of Settlement (Doc. 20) be **GRANTED**.

(2)   The Settlement Agreement and Release (Doc. 20-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties FLSA claims.

(3)   If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 14, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties